United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60066
Summary Calendar

_____

RAMZAN JIWAN HADWANI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-910-339

_____

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:

Ramzan Jiwan Hadwani petitions for review of the Board of
Immigration Appeals' ("BIA's") affirmance, without opinion, of an
Immigration Judge's ("IJ's") denial of his application for
adjustment of status. Because this court lacks jurisdiction to
review the denial of discretionary relief under 8 U.S.C. § 1255 and
the constitutional claims presented here are without merit,
Hadwani's petition is **DENIED**.

Hadwani is a citizen and national of India who legally
entered the United States in 1995 with authorization to remain in

the country for a period not to exceed six months. Hadwani remained in the United States beyond his allotted six months without authorization, and on March 2, 2000, the INS issued a Notice to Appear, charging him with removability. Hadwani conceded removability before the IJ, but sought relief from removal through adjustment of status under 8 U.S.C. § 1255.[1] An IJ determined that Hadwani was statutorily eligible for adjustment of status, but declined to adjust Hadwani's status as a matter of discretion. In declining to exercise his discretion, the IJ noted that Hadwani had "deliberately, negligently, and willfully" failed to disclose the fact that he had previously been arrested for selling alcohol to a minor, and had illegally worked in the United States. The BIA summarily affirmed the IJ on appeal, and Hawani then brought this petition for review, arguing that he was improperly denied adjustment of status, and that such denial of relief violated his Fifth Amendment rights.

As an initial matter, we must determine whether this court has jurisdiction to review the decision of the BIA. This court reviews questions of jurisdiction de novo. <u>Nehme v. INS</u>, 252

_____

[1] Hadwani initially sought relief in the form of withholding of removal. An IJ denied relief, but the BIA on appeal remanded Hadwani's case to the IJ for a hearing on his application for adjustment of status. On appeal, Hadwani does not raise any issues related to either withholding of removal or his earlier request for asylum. Such issues are therefore deemed abandoned. <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 833 (5th Cir. 2003); <u>Peavy v. WFAA-TV, Inc.</u>, 221 F.3d 158, 179 (5th Cir. 2000).

F.3d 415, 420 (5th Cir. 2001). Although this court generally reviews only the decision of the BIA on petitions for review, we may review an IJ's decision when, as here, the BIA affirms without opinion. Thuri v. Ashcroft, 380 F.3d 788, 791 (5th Cir. 2004).

The status of an alien "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," provided that "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255. The IJ held that Hadwani was statutorily eligible for adjustment of status. As such, this petition solely concerns the IJ's subsequent exercise of discretionary authority to deny relief.

8 U.S.C. § 1252 (a)(2)(B)(I) unambiguously states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [INA] section. . . 245 [codified in 8 U.S.C. § 1255]." This court has held that the jurisdictional bar in 8 U.S.C. § 1252 (a)(2)(B) "precludes review only of discretionary decisions" of the BIA. Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003)(emphasis in original). Thus, consistent with Mireles-Valdez and the plain language of 8 U.S.C. § 1252 (a)(2)(B)(I), we join a number of our sister

-3-

circuits in holding that we lack jurisdiction over petitions for review concerning the discretionary denial of relief under 8 U.S.C. § 1255. See Zheng Zheng v. Gonzales, 422 F.3d 98, 111 (3d Cir. 2005) ("[Section 1252(a)(2)(B)(I)] plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases"); Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir. 2005); Succar v. Ashcroft, 394 F.3d 8, 19 n.15 (1st Cir. 2005); Pilica v. Ashcroft, 388 F.3d 941, 945 (6th Cir. 2004); Boykov v. Ashcroft, 383 F.3d 526, 531 (7th Cir. 2004).

Hadwani also raises constitutional claims in his petition for review. The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, amended 8 U.S.C. § 1252(a)(2) to ensure that this court retains jurisdiction over "constitutional claims or questions of law" raised in an alien's petition for review. 8 U.S.C. § 1252(a)(2)(D). However, the constitutional claims raised in this case are without merit. The Fifth Amendment affords an alien the right to "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." Manzano-Garcia v. Gonzales, 413 F.3d 462, 470 (5th Cir. 2005). The record indicates, and Hadwani does not appear to dispute, that these requirements were met in his case. Hadwani instead argues that the IJ's denial of discretionary relief amounted to a constitutional violation. Such an argument

-4-

has previously been rejected by this court. See Assad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004)("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."). Hadwani's constitutional claim is "an abuse of discretion argument [cloaked] in constitutional garb," and as such, it must be rejected. Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001).

This court lacks jurisdiction to review the denial of discretionary relief under 8 U.S.C. § 1255, and Hadwani's constitutional claims are without merit. His petition for review is therefore **DENIED**.