United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60437
Summary Calendar

_____

ORITSERENEYE HENRY WILKINSON-OKOTIE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A28 590 395
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oritsereneye Wilkinson-Okotie petitions for review of deci-
sions of the Board of Immigration Appeals ("BIA").  Wilkinson-
Okotie's motion for bond pending review is denied.

Wilkinson-Okotie asserts that the BIA's November 3, 2002,
order that affirmed the order of removal by the immigration judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

("IJ") that granted voluntary departure was premature and unlawful. Wilkinson-Okotie contends that his application for adjustment of status tolled the deadline for his voluntary departure. He challenges the May 18, 2004, decision by the BIA that denied his first motion to reopen and the BIA's denial of his second motion to reopen, and he asserts that counsel's ineffective assistance deprived him of his due process right to fair proceedings.

We must determine, as an initial matter, whether we have jurisdiction. See Ojeda-Terrazas v. Ashcroft, 290 F.3d 292, 294 (5th Cir. 2002). Wilkinson-Okotie did not timely petition for review of the November 2002 decision that affirmed the IJ's order of removal and the grant of voluntary departure, nor did he timely petition for review of the May 2004 decision that denied his first motion to reopen. Accordingly, we lack jurisdiction to review those decisions. See Karimian- Kaklaki v. INS, 997 F.2d 108, 111, 113 (5th Cir. 1993).

Wilkinson-Okotie timely petitioned for review of the BIA's order that denied his second motion to reopen. The BIA found that the motion to reopen was untimely and was prohibited by the numerical limitation on such motions. The BIA also determined that Wilkinson-Okotie was not eligible for adjustment of status.

The jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of the BIA's discretionary decisions. Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006) (per curiam). Title 8 U.S.C. § 1255 provides that the status of an alien "may be adjusted

2

by the Attorney General, in his discretion." Id. (internal quotations omitted). We lack jurisdiction over petitions for review concerning the discretionary denial of relief under § 1255. Hadwani, 445 F.3d at 800.

We may consider Wilkinson-Okotie's ineffective assistance and due process claims provided that the claims constitute "substantial constitutional claim[s]." Assad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) (per curiam). It has not been determined whether an alien has a constitutional right to effective assistance in removal proceedings. Id. Nevertheless, an attorney's ineffective assistance may implicate due process if counsel's representation "was so deficient as to impinge upon the fundamental fairness of the hearing." Id. (citation and internal quotations omitted).

Wilkinson-Okotie's ineffective assistance and due process claims concern the denial of adjustment of status. The decision on adjustment of status is within the Attorney General's discretion. Hadwani, 445 F.3d at 800. Because Wilkinson-Okotie's attorney's alleged deficiencies merely restricted the chance of obtaining adjustment of status, Wilkinson-Okotie has not alleged a violation of due process. See Assad, 378 F.3d at 476. His petition for review does not present a "substantial constitutional claim." Accordingly, the petition for review is dismissed for want of jurisdiction.

PETITION DISMISSED; MOTION DENIED.

3