United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-61009
Summary Calendar

_____

ANDREW CARMICHAEL BYFIELD,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 468 896
--------------------

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andrew Carmichael Byfield, a native and citizen of Jamaica,
petitions this court to review the decision of the Board of
Immigration Appeals (BIA) affirming the denial of his application
for withholding of removal under the Convention Against Torture.
Byfield, who is proceeding pro se, asserts (1) that he will be
tortured or killed because of his sexual orientation if he is
deported to Jamaica and (2) that the immigration judge (IJ) and
the BIA refused to consider the evidence supporting his claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Byfield conceded removabality on the basis that he committed a criminal offense covered in section 8 U.S.C. § 1252(a)(2)(C). Therefore, we lack jurisdiction to review whether he will be tortured if he returns to Jamaica.  See 8 U.S.C. § 1252(a)(2)(C).

We construe Byfield's assertion that the IJ and BIA willfully refused to consider the evidence as a claim that he was denied due process.  We have jurisdiction to consider constitutional claims under § 1252(a)(2)(D), and we review the claims de novo.  Mai v. Gonzales, 473 F.3d 162, 164 (5th Cir. 2005).  The Due Process Clause affords an alien charged with removability with the right to "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard."  Hadwani v. Gonzales, 445 F.3d 798, 799 (5th Cir. 2006)(quotation marks omitted).  Byfield received the process that was due.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.