IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-20029

DENIS MARINGO,

                        Petitioner-Appellant,

v.

MICHAEL B MUKASEY, US Attorney General; DIRECTOR, BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES (BCIS); HIPOLITO
ACOSTA, Director, BCIS Houston District,

                        Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3397

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Denis Maringo, pro se, filed suit against Michael B.
Mukasey, the United States Attorney General; the director of the United States
Citizenship and Immigration Services ("USCIS"); and Hipolito Acosta, USCIS
District Director in Houston, Texas (collectively "Government"). Maringo sought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a writ of mandamus to compel the Government to adjust his status; a declaratory judgment stating that USCIS abused its authority in accepting his wife's withdrawal of the Petition for Alien Relative (I-130) that was previously approved on his behalf; injunctive relief preventing USCIS from accepting such withdrawals in the future; a declaratory judgment stating that Maringo's application for adjustment of status (I-485) was improperly accepted and that any action taken by the Government related to his I-485 application is null; and injunctive relief requiring the Government to issue a revised Form I-485 that is not confusing or misleading.

The Government moved to dismiss Maringo's complaint for lack of subject matter jurisdiction. The district court granted the motion explaining that review of discretionary denials of adjustment of status applications is precluded by 8 U.S.C. § 1252(a)(2)(B)(I). Alternatively, the district court concluded that even if it had subject matter jurisdiction, Maringo had failed to state a claim upon which relief could be granted because he was ineligible for adjustment of status due to a conviction for immigration fraud which rendered him inadmissible under 8 U.S.C. § 1182(a)(6)(C). Thereafter, Maringo filed a motion for new trial, or in the alternative, a motion to amend or alter the judgment. The district court denied both motions. Maringo then filed this timely notice of appeal.

Maringo argues that the district court erred by concluding that it lacked subject matter jurisdiction to consider his claim. According to Maringo, the district court misconstrued his complaint as a challenge to the discretionary decision of USCIS to deny his application for adjustment of status. He contends that his suit instead challenges the Government's failure to comply with 8 C.F.R. § 245.10(d), which provides that when an alien who is eligible to adjust his status under 8 U.S.C. § 1255(i) submits an application for adjustment of status without the requisite fee and supplemental form, USCIS must give applicants "the opportunity to amend the adjustment of status application." This court

reviews questions of jurisdiction de novo. Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006).

As an initial matter, according to the plain language of the statute, USCIS is only required to send notice regarding an alien's failure to include the supplemental form and fee if the alien is otherwise eligible for adjustment of status. See 8 C.F.R. § 245.10(d). Here, USCIS determined that Maringo was ineligible for adjustment of status after determining that he had committed fraud in order to procure his adjustment of status. Accordingly, the requirement that USCIS give notice regarding the failure to include the supplemental form and fee is inapplicable here. Moreover, even if USCIS had given Maringo the notice that he seeks, there is no indication that it would have had any effect on Maringo's I-485 application. This is because the denial of his application was not related to his failure to include the supplemental form or the filing fee, rather it was based on an allegation of fraud.

Additionally, notwithstanding Maringo's assertion that he is not challenging USCIS's denial of his adjustment of status application, Maringo states in his brief to this Court that he seeks the following relief: "Petitioner hereby petitions this court to grant a writ of mandamus against the Respondents to compel them to adjust his status to that of permanent residence based on an approved I-130 petition in which he is the beneficiary." It is well-established that this Court lacks jurisdiction to consider the discretionary denial of Maringo's adjustment application. See 8 U.S.C. § 1252(a)(2)(B)(i); Hadwani, 445 F.3d at 800. Likewise, the revocation of the previously approved I-130 filed by Maringo's wife on his behalf was a discretionary act that the district court lacked jurisdiction to review. See 8 U.S.C. § 1155; 8 U.S.C. § 1252(a)(2)(B)(ii); Ghanem v. Upchurch, 481 F.3d 222, 224-25 (5th Cir. 2007).

Further, contrary to Maringo's assertions, there is no other statutory basis for jurisdiction in this case. The REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), is not applicable to Maringo's civil suit because that provision pertains to "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1329 does not provide district courts with jurisdiction over "suits against the United States or its agencies or officers." See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 477 n4 (1999). The All Writs Act, 28 U.S.C. § 1651, "does not confer an independent basis for subject matter jurisdiction." Renteira-Gonzalez v. INS, 322 F.3d 804, 811 (5th Cir. 2002). Article III and § 1331 also do not confer jurisdiction in the present case. See Nolan v. Boeing Co., 919 F.2d 1058, 1064 (5th Cir. 1990); Oliver v. Trunkline Gas Co., 789 F.2d 341, 343 (5th Cir. 1986).

Finally, Maringo is also precluded from seeking review of the district director's decision because he has failed to exhaust his administrative remedies. Pursuant to 8 C.F.R. § 245.2(a)(5)(ii), an alien who is denied adjustment of status by the district director may renew his adjustment of status application upon commencement of removal proceedings, which constitutes a further mechanism for judicial review. See Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2007) (holding that the alien did not exhaust her administrative remedies regarding her denial of adjustment of status because she could renew her request for adjustment of status upon the commencement of removal proceedings); Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980) (holding that unavailability of other adequate remedy is requirement for mandamus jurisdiction).

For the foregoing reasons, the ruling of the district court is AFFIRMED.