**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-60233
Summary Calendar

MARIA MARTINA MUNOZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 024 991

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maria Martina Munoz, a citizen and national of Guatemala, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying her application for hardship cancellation of removal pursuant to 8 U.S.C. § 1229b as well as special rule cancellation under the Nicaraguan Adjustment and Central America Relief Act, Pub.L. No. 105-100, 111 Stat. 2160, 2193-97 (1997), amended by Pub. L. No. 105-139, 111 Stat. 2644 (1997) (NACARA). We dismiss the petition in part for lack of jurisdiction and deny the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition in part. Although Munoz separately filed a petition for review of a denial of a motion to reopen, she does not address that ruling in her brief or any supplemental filing and thus has abandoned any challenge to that ruling. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We generally review only the BIA's decision except to the extent that the decision of the immigration judge (IJ) influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). With respect to the determination that Munoz failed to demonstrate the "exceptional and extremely unusual hardship" required under § 1229b, we lack jurisdiction to review this purely discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We reject Munoz's attempt to recast what amounts to a disagreement with the weighing and consideration of the relevant factors by the IJ as a constitutional or legal issue. *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006).

With respect to the determination that Munoz did not meet the statutory eligibility requirements for special rule cancellation, we have jurisdiction to review a non-discretionary application of law to facts. *See, e.g., Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). The evidence does not compel the conclusion that Munoz satisfied the requirements. *See* § 1252(b)(4)(B); 8 C.F.R. §§ 1240.61, 1240.62*; Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006). Thus, we deny the petition for review on this issue.

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.