# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60866
Summary Calendar

MERAB ADHIAMBO ODERO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 575 767

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Merab Adhiambo Odero, a native and citizen of Kenya, petitions this court for review of the decision of the Bureau of Immigration Appeals (BIA), affirming and dismissing her appeal from the decision of the immigration judge (IJ) denying her application for adjustment of status to permanent resident pursuant to 8 U.S.C. § 1255, and ordering her removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the IJ's decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Under the plain language of the Real ID Act, this court does not have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i). As such, we are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of adjustment of status. *Ayanbadejo v. Chertoff,* 517 F.3d 273, 275, 276-78 & 277 n. 11 (5th Cir. 2008)*; Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

Odero attempts to circumvent this jurisdictional limitation by asserting that her claims on appeal are legal and constitutional challenges. *See* § 1252(a)(2)(D). She first claims that the IJ committed legal error by requiring that she prove that her marriage to a United States citizen was bona fide and viable despite her being the beneficiary of an approved I-130 visa petition. This argument is unavailing. *Hadwani*, 445 F.3d at 800; *see also INS v. Chadha*, 462 U.S. 919, 937 (1983) (explaining that classification as an immediate relative does not automatically entitle an alien to adjustment of status). Odero also contends that the IJ and BIA violated her right to a full and fair hearing. "This circuit has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). Thus, Odero can claim no fundamental liberty interest in applying for or receiving an adjustment of status, and her due process claim fails. Accordingly, because Odero's challenge to the discretionary denial of her application for adjustment of status does not raise a substantial question of law or constitutional claim, this court lacks jurisdiction to consider it. *Assaad v. Ashcroft*, 378 F.3d 471, 475-76 (5th Cir. 2004).

Accordingly, Odero's petition for review is DISMISSED for lack of jurisdiction.