**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60823
Summary Calendar

NADIR MUHAMMAD,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A96 330 580

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nadir Muhammad, a native and citizen of Pakistan, petitions for review

of an order of the Board of Immigration Appeals ("BIA") denying his application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for adjustment of status pursuant to 8 U.S.C. § 1255. We dismiss the petition in part for lack of jurisdiction and deny it in part.

We generally review only the BIA's decision except to the extent that the decision of the immigration judge ("IJ") influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We may review the IJ's decision in the instant case, because the BIA adopted it. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Under the plain language of the REAL-ID Act, this court does not have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i). Therefore, we are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of Muhammad's application for adjustment of status. *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). We reject Muhammad's attempt to classify his disagreement with the weighing and consideration of the relevant factors by the IJ as an issue of either constitutional dimension or pure law. *See id.* at 801. To the extent that Muhammad challenges the discretionary denial of his request for adjustment of status, we dismiss the petition for want of jurisdiction.

Muhammad's claim that his due process rights were violated because the IJ exhibited bias against him based on a prior conviction is unavailing. Our review of the record does not show that the IJ held a "personal bias" against Muhammad that arose from an "extrajudicial source" or that the IJ's conduct demonstrated "pervasive bias and prejudice." *See Matter of Exame*, 18 I&N Dec. 303, 306 (BIA 1982). Muhammad's bias claim lacks merit, and we deny his petition for review on that issue.

Muhammad's contention––that the BIA committed legal error in not elaborating on the reasons for its decision and in not granting his request for review by a three-member panel––is equally unavailing. The BIA's express assertion that it was affirming and adopting the IJ's opinion was sufficient to convey its reasoning behind the denial of Muhammad's requested relief. *See Efe v. Ash-*

*croft*, 293 F.3d 899, 908 (5th Cir. 2002)). Moreover, pursuant to 8 C.F.R. § 1003.1(e), "[u]nless a case meets the standards for assignment to a three-member panel under paragraph (e)(6) . . . , all cases shall be assigned to a single Board member for disposition."

Muhammad fails to provide pertinent facts or relevant case law to establish that his appeal falls within one of categories enumerated in 8 C.F.R. § 1003.1(e)(6). His claims regarding the BIA's written opinion and its denial of his request for a three-member panel are without merit, and we deny the petition for review on those issues.

The petition for review is DISMISSED in part for want of jurisdiction and DENIED in part.