**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-61055
Summary Calendar

ELISIO DIERA-SANCHEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 985 647

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Elisio Diera-Sanchez (Diera) appeals the denial of his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. The immigration judge (IJ) determined that Diera had not made the requisite showing that his United States citizen children would suffer "exceptional and extremely unusual hardship." *See* § 1229b(b)(1)(D). A single member of the Board of Immigration Appeals (BIA) affirmed the IJ's opinion, thereby making the IJ's decision the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4) (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Where the BIA affirms the IJ decision without opinion, this court reviews the IJ's decision. *See Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003). To the extent that Diera challenges the IJ's discretionary determination that he had not made the requisite showing under § 1229b(b)(1)(D), this court is without jurisdiction to hear his petition. 8 U.S.C. § 1252(a)(2)(B) (2006); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). To the extent that Diera argues that the denial of his cancellation violated his due process rights, that argument is meritless. *See Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006).

Diera also challenges the BIA's application of its summary affirmance procedures to his case, arguing that the procedure violated his equal protection rights and that his appeal did not satisfy the requirements for employing that procedure enumerated in 8 C.F.R. § 1003.1(e)(4), (e)(6). Diera's "constitutional" argument was inadequately briefed and therefore is deemed abandoned. *See Soadjede*, 324 F.3d at 833. Moreover, this court has previously held the BIA's summary affirmance procedures constitutional. *Id.* at 832-33. With respect to Diera's argument that his case should not have been summarily affirmed because it did not meet the requirements set forth in § 1003.1(e)(4), (e)(6), we decline review pursuant to *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 (5th Cir. 2003).

Accordingly, the petition is DISMISSED in part for lack of jurisdiction and DENIED in part.