# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2010

Charles R. Fulbruge III
Clerk

No.  09-60253
Summary Calendar

JULIA DOLORES ZAPETA PUAC,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 099 617 830

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Julia Dolores Zapeta Puac seeks review of a final deportation order entered by the Board of Immigration Appeals ("BIA").  The BIA dismissed Puac's appeal of an immigration judge's ("IJ") denial of her application for cancellation of removal, asylum, and protection under the Convention Against Torture.  Puac now petitions for a review of the denial of her application for cancellation of removal, arguing that the BIA board member should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60253

remanded or referred the case to a three-member panel and that her due process rights were violated.

This court reviews only the decision of the BIA and not that of the IJ, except to the extent that the IJ's decision influenced the BIA's decision. *Gonzalez-Maldonado v. Gonzales,* 487 F.3d 975, 976 (5th Cir. 2007). Factual findings of the BIA and IJ are reviewed for substantial evidence and questions of law and constitutional claims are reviewed *de novo. Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007).

Puac claims that the BIA erred by issuing a "summary affirmance," or affirmance without opinion, under 8 C.F.R. § 1003.1(d)(4). On the contrary, the BIA issued a four-page decision dismissing Puac's administrative appeal. The decision clearly stated why the BIA did not find error in the findings of the IJ.

Puac also claims that the decision by a single BIA board member violated agency regulations and that her case should have been referred to a three-member panel or remanded for additional fact finding. These claims are unwarranted. As stated in 8 C.F.R. § 1003.1(e): "Unless a case meets the standards for assignment to a three-member panel under paragraph (e)(6) of this section, all cases shall be assigned to a single Board member for disposition." Puac has not shown that her case meets the standards for assignment to a three-member panel under §1003.1(e)(6). *See* 8 C.F.R. § 1003.1(e)(6) (defining the limited circumstances in which review by a three-member panel is permissible).[1] Thus, the BIA's decision by a single board member was

---

[1] 8 C.F.R. 1003.1(e)(6): Panel decisions. Cases may only be assigned for review by a three-member panel if the case presents one of these circumstances:

    (i) The need to settle inconsistencies among the rulings of different immigration judges;

    (ii) The need to establish a precedent construing the meaning of laws, regulations, or procedures;

    (iii) The need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable precedents;

    (iv) The need to resolve a case or controversy of major national import;

    (v) The need to review a clearly erroneous factual determination by an immigration judge; or

    (vi) The need to reverse the decision of an immigration judge or the Service, other than a reversal

No. 09-60253

permissible. *See* 8 C.F.R. § 1003.1(e)(5) (permitting a single BIA member to consider the merits of a case and to issue a brief order affirming the decision under review).

Remand was also not warranted since the BIA was exercising *de novo* review of a discretionary issue. The BIA declined to reverse the IJ's determination that Puac's departure from the United States would not result in exceptional and extremely unusual hardship to her United States citizen child. This is a discretionary determination. *See* 8 U.S.C. § 1229(b)(1) (The Attorney General may cancel removal). The BIA retains *de novo* jurisdiction to review this issue. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.") Thus, the BIA did not need to remand Puac's case.

Puac alleges that the BIA violated "equal protection" by failing to remand her case and that the IJ violated "due process" by failing to consider all the relevant factors in the hardship determination. These constitutional claims are without merit. The IJ's discretionary denial of relief does not amount to a constitutional violation. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)("failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."). The Fifth Amendment affords an alien the right to "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). Puac has not alleged that these requirements were not met.

The Petitioner's assertions do not involve any constitutional claims, but rather "an abuse of discretion argument cloaked in constitutional garb."

under § 1003.1(e)(5).

3

*Hadwani v. Gonzales,* 445 F.3d 798, 800 -801 (5th Cir. 2006) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).  What the petitioner asks is that this court reverse the IJ's finding that her removal does not satisfy the "exceptional and extremely unusual hardship" requirement needed for cancellation of removal.  This we cannot do.  As noted, this is a discretionary determination by the Attorney General.  This court does not have jurisdiction to review judgements of cancellation of removal under § 1229(b).  *See* 8 U.S.C. § 1252(a)(2)(B).

Accordingly, the petition for review must be DENIED.

**DENIED.**