# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60671
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2014

Lyle W. Cayce
Clerk

SIMBA NYIKA,

Petitioner

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 759 066

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Simba Nyika petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for adjustment of status to permanent resident pursuant to 8 U.S.C. § 1255, and denying his motion to reopen and remand.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60671

We have the "authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Our review is limited to the BIA's adoption of the IJ's determination that Nyika was not entitled to relief in the exercise of discretion. We lack jurisdiction to address Nyika's argument that the IJ erred in determining that he was not statutorily eligible for adjustment of status as the BIA based its decision solely on the IJ's discretionary denial of his application for adjustment of status.

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of Nyika's application for adjustment of status to permanent resident filed pursuant to § 1255. *See* § 1252(a)(2)(B)(i); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). We are not precluded from reviewing claims raising constitutional or purely legal questions. *See* 8 U.S.C. § 1252(a)(2)(D). Despite the fact that a petitioner's purported challenge to the BIA's decision is phrased as a question of law, a court lacks jurisdiction to consider that challenge if it is actually a request to review the denial of discretionary relief. *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).

Nyika argues that the BIA abused its discretion by failing to acknowledge his wife's late arrival at his immigration hearing and her availability to provide testimony explaining her tardiness and corroborating the validity of her marriage to Nyika; that the BIA and the IJ abused their discretion by failing to consider the proffered material, corroborating testimony and evidence regarding his wife's tardiness and the validity of their marriage; and that the BIA and the IJ abused their discretion by unreasonably drawing negative inferences on certain evidence while ignoring other evidence supporting a favorable discretionary ruling. Nyika's arguments are nothing

2

more than a disagreement with the weighing of the evidence that factored into the discretionary determination. Thus, we do not have jurisdiction to consider these arguments bearing on the discretionary determination. *See Hadwani*, 445 F.3d at 800.

Nyika also argues that the Board abused its discretion by denying his motion to reopen and remand proceedings. "[W]here a final order of removal is shielded from judicial review by a provision in § 1252(a)(2), so, too, is [the BIA's] refusal to reopen that order." *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks and citation omitted). The BIA specifically stated that Nyika's motion to remand, "filed for the purpose of reconvening the merits hearing so that the United States citizen spouse may testify and present an amended federal income tax return, tacitly concedes the reasonableness of the Immigration Judge's adverse discretionary determination." Because we lack jurisdiction to review the order of removal because it was based on a discretionary determination, we similarly lack jurisdiction to review the motion to reopen or remand such a determination. *See Assad*, 378 F.3d at 474; *see also Rodriguez v. Ashcroft,* 253 F.3d 797, 799-800 (5th Cir. 2001) (holding that provision which prohibits review of discretionary decisions also precludes review of motion to reopen on the same grounds).

In an attempt to raise a constitutional issue for review, Nyika also argues that he was deprived of his right to present evidence and to have a full and fair hearing in violation of due process. Nyika is challenging the denial of the opportunity to present additional evidence in support of his application for adjustment of status. "This circuit has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." *Ahmed v.*

No. 13-60671

*Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006); *see also Assaad*, 378 F.3d at 475 (noting that failure to receive discretionary relief does not amount to the deprivation of a liberty interest).  Because Nyika had no liberty interest in adjustment of status, there can be no due process violation.

Because we lack jurisdiction to review the final order of removal, the petition for review is DISMISSED.