# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

EVERLINE GESARE NYABWARI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 208

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In August 2000, Everline Gesare Nyabwari, a native and citizen of Kenya, was admitted to the United States as a nonimmigrant student. Nyabwari remained in the United States after her visa expired. In July 2010, she was charged with being removable as an alien who remained in the United States for a time longer than permitted and for failing to comply with the conditions of the nonimmigrant status under which she was admitted. It was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60477

also alleged that Nyabwari represented herself to be a United States citizen for purposes of gaining employment. Nyabwari conceded removability as to the first two charges, but denied that she falsely claimed United States citizenship. The Immigration Judge (IJ) found her removable on each of the three grounds. Nyabwari appealed to the Board of Immigration Appeals (BIA). On September 26, 2013, the BIA issued a decision, concluding that Nyabwari was not removable for falsely representing herself to be a citizen of the United States. However, the BIA determined that she remained removable on the two other grounds—for overstaying her student visa and for failing to maintain her legal immigration status—and dismissed her appeal.

On October 7, 2013, Nyabwari filed a motion to reconsider, which the BIA denied on December 5, 2013. Later, on December 24, 2013, Nyabwari filed a "motion to reopen sua sponte," which the BIA construed as a motion to reopen, a motion to reconsider, and as a request that the BIA exercise its sua sponte authority to reopen. The BIA denied her motion in each regard. On March 18, 2014, Nyabwari filed another motion to reopen. On June 13, 2014, the BIA denied the motion as both time barred and number barred. On July 9, 2014, Nyabwari filed the instant petition for review.

A petition for review must be filed no later than 30 days after the date of a final order of removal. 8 U.S.C. § 1252(b)(1). The period for filing a petition for review is mandatory and jurisdictional and is not subject to tolling by a motion for reconsideration. *Stone v. INS*, 514 U.S. 386, 405 (1995). "[T]he statutory text . . . contemplates the filing of separate petitions for review following both the BIA's initial order and the resolution of any subsequent motion to reconsider or reopen." *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

No. 14-60477

Nyabwari filed her petition for review on July 9, 2014, within 30 days of the BIA's decision denying her second motion to reopen, but more than 30 days after the BIA's previous decisions.  Accordingly, this court has jurisdiction to review only the BIA's June 13, 2014, decision denying Nyabwari's most recent motion to reopen.  *See* § 1252(b)(1).  To the extent that her petition for review challenges aspects of the IJ's decision and earlier BIA rulings, this court lacks jurisdiction to review these contentions.  Even though Nyabwari frames her argument as a due process challenge, it is simply "an abuse of discretion argument cloaked in constitutional garb."  *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks and citation omitted).

Nyabwari's petition for review is timely as to the BIA's June 13, 2014, denial of her motion to reopen.  The motion to reopen, however, was not filed timely from the proceeding it sought to reopen.  An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The BIA properly determined that Nyabwari's motion to reopen was untimely because it was filed more than 90 days after the BIA's final decision.  *See* § 1229a(c)(7)(C)(i); § 1003.2(c)(2).  To the extent that Nyabwari argues that the BIA abused its discretion by refusing sua sponte to reopen the proceedings, this court lacks jurisdiction to review such an argument.  *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

Accordingly, Nyabwari's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.