# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 20-60295
Summary Calendar

Bassam Mohammed Jebril,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A058 241 907

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Bassam Mohammed Jebril, a native and citizen of Jordan, was admitted into the United States as a conditional lawful permanent resident as the spouse of a United States citizen. In 2018, he was convicted in Texas state court for assaulting his wife. While on bond, Jebril violated the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

protective order contained in his bond conditions by slashing his wife's tires. In April 2019, he was served with a notice to appear, charging him with removability from the United States pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) and (ii). Jebril filed an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). While the immigration case was pending, Texas authorities issued a probable-cause affidavit, alleging Jebril committed an aggravated sexual assault in 2012.

Before the immigration judge (IJ), both sides agreed Jebril was statutorily eligible for cancellation of removal. The IJ denied his application for cancellation of removal as a matter of discretion, finding the negative factors, most notably Jebril's criminal convictions, outweighed the positive factors. *See Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998). The Board of Immigration Appeals (BIA) affirmed the IJ's order and dismissed the appeal, concluding: the IJ's decision was reasonable; and, despite his contentions, Jebril's due-process rights had not been violated by the introduction of the sexual-assault probable-cause affidavit.

Jebril petitions for review of the BIA's dismissing his appeal from the denial of cancellation of removal, contending: the IJ and BIA erred by failing to consider positive factors; the IJ erred by finding his wife credible; and his due-process rights were violated by the introduction of the probable-cause affidavit.

As an initial matter, we conduct a *de novo* review to determine jurisdiction *vel non*. *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Our court lacks jurisdiction to review the BIA's denial of discretionary relief. 8 U.S.C. § 1252(a)(2)(B)(i). Whether an alien is statutorily *eligible* for relief, such as cancellation of removal, is a "nondiscretionary decision . . . making Section 1252(a)(2)(B)(i)'s jurisdictional bar inapplicable". *Melendez v. McAleenan*, 928 F.3d 425, 426–27 (5th Cir. 2019); *Trejo v. Garland*, No. 20-

60353, 2021 WL 2767440, at *3 (5th Cir. 2 July 2021). "[T]he decision that is shielded from judicial review by § 1252(a)(2)(B)(i)" is "whether to *actually grant* cancellation to a qualifying alien". *Trejo*, 2021 WL 2767440, at *8 (emphasis in original) (citations omitted).

Section 1252(a) does not, however, "preclud[e] review of constitutional claims or questions of law raised upon a petition for review". 8 U.S.C. § 1252(a)(2)(D). Accordingly, we have jurisdiction to review Jebril's due-process claim. Due-process challenges are reviewed *de novo*. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Jebril's claim that the IJ and BIA failed to consider all of the factors or assigned improper weight to certain evidence, however, are not constitutional claims or questions of law sufficient to confer jurisdiction to review the decisions of the IJ and BIA. *See Hadwani*, 445 F.3d at 801 ("[Applicant]'s constitutional claim is an abuse of discretion argument cloaked in constitutional garb, and as such, it must be rejected." (internal quotation marks, citation, and brackets omitted)). Likewise, his contention the IJ legally erred by finding his wife to be credible is merely an assertion that the IJ did not properly weigh the evidence. *Cf. Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014), *abrogated in part on other grounds by Trejo*, 2021 WL 2767440. Because Jebril challenges the consideration and weighing of the evidence, we lack jurisdiction over those claims. *See id.*

As for his due-process claim, Jebril fails to establish he did not receive notice of the charges against him, a hearing, or a fair opportunity to be heard. *See Hadwani*, 445 F.3d at 800. A "failure to receive relief that is purely discretionary in nature does not amount" to a violation of the Fifth Amendment's Due Process Clause. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Further, even if the admission of the probable-cause affidavit

No. 20-60295

constituted a due-process violation, Jebril fails to demonstrate that he was substantially prejudiced by its admission. *See De Zavala*, 385 F.3d at 883.

DISMISSED in part; DENIED in part.