# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2022

Lyle W. Cayce
Clerk

No. 20-60799
Summary Calendar

RIDER SANCHEZ-LIRA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 212 283

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Rider Sanchez-Lira, a native and citizen of Nicaragua, petitions for review the Board of Immigration Appeals' (BIA) affirming, without an opinion, the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He asserts: the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Immigration Judge (IJ) failed to recognize his asylum application was timely because he established changed circumstances in Nicaragua; and he met his burden of proving eligibility for asylum, withholding of removal, and CAT protection.

Where, as here, the BIA affirms the IJ's decision without issuing a separate opinion, we review the IJ's decision as the final agency decision. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 1006). Legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (citation omitted).

Our court lacks jurisdiction to review the IJ's finding Sanchez' asylum application was untimely. *See Zhu v. Gonzales*, 493 F.3d 588, 594–96 & n.31 (5th Cir. 2007) (explaining when IJ examined facts and circumstances in concluding petitioner did not qualify for exception to deadline, our court cannot review decision). Further, Sanchez' lack-of-notice claim before the IJ has been abandoned in his petition for review, and his lack-of-notice and changed-circumstances claims were both unexhausted before the BIA, either on direct appeal or in a motion to reopen. *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) (explaining "[p]etitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA").

To qualify for withholding of removal, "applicant must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion". *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (citation omitted). Sanchez has abandoned, by failing to brief, any challenge to the findings that his proposed

social groups were not cognizable and that he suffered no past persecution. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining issues not raised and briefed are unexhausted and, therefore, abandoned). Further, Sanchez has not shown the evidence compels the conclusion he more likely than not will suffer future persecution in Nicaragua on account of his political opinion. *See Chen*, 470 F.3d at 1134, 1138.

Concerning his request for CAT relief, Sanchez' brief to the BIA neither asserted he would be tortured nor challenged the IJ's reasons for denying his CAT claim. Accordingly, his challenges to that denial are unexhausted and we lack jurisdiction to review the denial. *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

DISMISSED in part; DENIED in part.