# United States Court of Appeals
# for the Fifth Circuit

**No. 21-60405**
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

Hmayak Samsonyan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A095 198 837

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Hmayak Samsonyan, a native and citizen of Armenia, petitions for review of the decision by the Board of Immigration Appeals (BIA) denying his motion to reopen and remand and affirming the denial by an immigration judge (IJ) of his applications for adjustment of status and waiver of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

inadmissibility. Samsonyan first raises a new claim, contending that his notice to appear was invalid because it failed to include the date and time of his removal proceedings. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484-86 (2021); *Pereira v. Sessions*, 138 S. Ct. 2105, 2109-10 (2018). Further, he argues that the BIA failed to properly apply the law to the facts of his case and that he sufficiently proved exceptional circumstances warranting the grant of his applications. Because the BIA agreed with the IJ's conclusion and adopted its decision, we review both the BIA's decision and the IJ's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

As an initial matter, we must consider our jurisdiction, sua sponte if necessary. *See Zhao v. Gonzales*, 404 F.3d 295, 302 (5th Cir. 2005); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We lack jurisdiction to review discretionary decisions under the immigration statutes. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). The decision to grant or deny applications for waiver of inadmissibility and adjustment of status is left to the discretion of the Attorney General, and, therefore, we lack jurisdiction to review the denial of these applications. *See* 8 U.S.C. § 1182(h); 8 U.S.C. § 1255(a); *Martinez v. Mukasey*, 519 F.3d 532, 541-42 (5th Cir. 2008); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

Samsonyan appears to raise a challenge to the BIA's application of law, arguing that the BIA erred by determining that, even if Samsonyan could establish eligibility for a waiver of removal, the IJ properly declined to exercise discretion to grant adjustment of status. To the extent that this issue amounts to a question of law and not a challenge to the IJ's discretionary decision, it lacks merit. *See Hadwani*, 445 F.3d at 800. The BIA did not err by deciding that the IJ had legal authority to deny the application as a matter of discretion. *See id.*

No. 21-60405

As to Samsonyan's *Pereira* claim, he concedes that he failed to raise this issue before the BIA or IJ. We lack jurisdiction to consider an issue when an applicant has failed to exhaust it by raising it in the first instance before the BIA. *See* § 1252(d); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). While a motion to reopen is generally not required to satisfy the exhaustion requirements of § 1252(d), when "exceptional circumstances" give rise to a new claim after the BIA has rendered its decision, the petitioner must present the new claim to the BIA by means of a motion to reopen before it can be considered exhausted. *Omari*, 562 F.3d at 320. Because Samsonyan did not do so, his claim is unexhausted, and we lack jurisdiction to review it.

Accordingly, Samsonyan's petition for review is DISMISSED for lack of jurisdiction in part and DENIED in part.