# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60107
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 28, 2022

Lyle W. Cayce
Clerk

Rafael Antonio Olvera-Amezcua,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A207 370 463

---

Before Jones, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Rafael Antonio Olvera-Amezcua, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) denying him asylum, withholding of removal, and adjustment of status. Insofar as he

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

argues that his testimony sufficed to show eligibility for asylum and withholding and that he showed a reasonable fear of future persecution, these arguments are unavailing because they do not compel a conclusion contrary to that of the BIA on the issue whether he should receive asylum and withholding. *See Bertrand v. Garland*, 36 F.4th 627, 631 (5th Cir. 2022); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We lack jurisdiction over his argument that the IJ and BIA erred by not considering whether he showed past persecution because it is unexhausted. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

Finally, we conclude that Olivera-Amezcua has failed to raise any valid legal issues regarding his request for an adjustment of status given that the BIA applied the appropriate standard. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Accordingly, we lack jurisdiction over his arguments challenging the denial of his request for an adjustment of status because they claim to legal challenges but instead simply concern the denial of relief. *See Patel v. Garland*, 142 S. Ct. 1614, 1618, 1622 (2022). The petition for review is DENIED in part and DISMISSED in part.