# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60552
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

Francisco Navarro Garcia; Rosa Isela De La Fuente De Hoyos; Demian Francisco Navarro De La Fuente,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 607 310,
A206 607 311, A206 607 370

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Petitioners Francisco Navarro Garcia, Rosa Isela De La Fuente, and Demian Francisco Navarro De La Fuente are natives and citizens of Mexico. They petition us to review the decision of the Board of Immigration Appeals (BIA) to uphold a denial of (1) asylum, (2) withholding of removal, and (3)

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

protection under the Convention Against Torture (CAT). Navarro Garcia, as the lead petitioner, claimed persecution based on political opinion and membership in a particular social group (PSG).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *See Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020). The BIA's factual determinations are reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). A petitioner must show that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015). We do not consider issues that the BIA deemed to have been waived by the petitioners on appeal. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

The record does not compel a conclusion that the kidnappings within Navarro Garcia's family were motivated by either political animus or his membership in a PSG. *See Ramirez-Mejia*, 794 F.3d at 493. Economic extortion does not constitute persecution based on a protected ground. *See id.* Substantial evidence also supports the BIA's conclusion that petitioners have not established a well-founded fear of persecution in Mexico, given that Navarro Garcia's siblings have remained in Mexico unharmed. Navarro Garcia maintained his government job and stayed in Mexico unharmed for about eight months after his father's death, and he twice returned to Mexico unharmed. *See Gjetani*, 968 F.3d at 399.

Petitioners also assert due process violations, but they fail to adequately brief the contentions: They have not adequately identified any arguments that the BIA failed to consider or why 8 C.F.R. § 1208.13(b)(1) would apply when there was no finding by the immigration judge or BIA that past persecution based on account of a protected ground was established. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (recognizing that

No. 22-60552

petitioners waive issues that they do not adequately brief). To the extent the Petitioners seek to attack the merits of the conclusion that they failed to establish a well-founded fear of persecution, their contention is merely cloaked in the "constitutional garb" of due process and fails for the reasons discussed above. *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (citation omitted).

Petitioners have failed to demonstrate eligibility for asylum and thus have accordingly failed to satisfy their burden for withholding of removal. *See Gjetani*, 968 F.3d at 399-400. Also, substantial evidence supports the BIA's conclusion that Petitioners failed to establish the requisite likelihood of torture for protection under the CAT for the same reasons that they have failed to show an objectively reasonable fear of future persecution.

The petition for review is DENIED.