**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-20193
Summary Calendar

OLASEBIKAN N. AKINMULERO

Plaintiff - Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; JANET
NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
JONATHAN "JOCK" SCHARFEN, as Acting Director of the United States
Citizenship and Immigration Services for Houston Texas,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2553

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Olasebikan Akinmulero ("Akinmulero") appeals the district court's decision to grant summary judgment in favor of Eric H. Holder, United States Attorney General, et al. (the "Government"), and dismissing Akinmulero's complaint requesting a writ of mandamus to compel action on his application for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a status adjustment to that of a lawful permanent resident. Because we find the district court correctly determined that it lacked jurisdiction to hear Akinmulero's claims, and regardless found no genuine issues as to any material fact in his complaint, we affirm.

Akinmulero had been deported from the United States for undisclosed reasons when he returned illegally in June 1986. He was placed in removal proceedings in March 1998. An immigration judge ("IJ") found that Akinmulero was subject to removal and granted him sixty days to depart from the United States voluntarily. Akinmulero did not leave within the time allowed, and more than a year later, he appealed the IJ's decision that he was not entitled to relief from removal. The Board of Immigration Appeals ("BIA") dismissed Akinmulero's appeal.

Akinmulero subsequently requested a stay of deportation and filed a petition for discretionary review to challenge the BIA's decision. The United States Court of Appeals for the Tenth Circuit dismissed this petition, but Akinmulero received a stay of removal to determine whether he was entitled to relief pursuant to a judgment entered in ongoing class action lawsuit *Proyecto San Pablo v. INS*, No. 4:89-cv-456 (D. Ariz.). Akinmulero then filed an I-485 application with the United States Citizenship and Immigration Service ("USCIS") to adjust his immigration status to that of a lawful permanent resident alien pursuant to 8 U.S.C. § 1255. This application was dismissed for lack of jurisdiction, but Akinmulero has filed a motion to reopen with USCIS, which is pending.

Akinmulero also filed a complaint with the district court alleging that USCIS failed to properly adjudicate his I-485 application. He sought a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the Government to adjust his status. The Government filed a motion to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), which the district court converted into

a motion for summary judgment under FED. R. CIV. P. 56(c), allowing both parties an opportunity to supplement the record with additional evidence. The district court granted the Government's motion for summary judgment and dismissed Akinmulero's complaint. He now appeals.

We review *de novo* the district court's grant of summary judgment. *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001). Summary judgment shall be granted if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Because Akinmulero is a *pro se* litigant, we construe his briefs liberally and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Reading Akinmulero's briefs in the light most favorable to him, he appears to be contesting each of the district court's holdings in support of its grant of summary judgment in favor of the Government.

First, Akinmulero argues that the district court erred in finding his complaint moot because USCIS had already considered his application and administratively closed his file. In order to pursue a claim in federal court, a plaintiff must establish standing under Article III's "case-or-controversy requirement." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this requirement, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks and citation omitted). Here, the USCIS administratively closed Akinmulero's I-485 application in 2007 after it determined that it was without jurisdiction to consider his request. Akinmulero failed to show that there was any claim remaining in his application on which the district court could compel action.

Thus, the district court properly found his application for writ of mandamus moot.

Second, Akinmulero challenges the district court's holding that it lacked subject matter jurisdiction to consider his complaint. Congress has eliminated district court jurisdiction over "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" and lodged exclusive jurisdiction in the courts of appeals once agency remedies have been exhausted. 8 U.S.C. §§ 1252(a)(5) & (b)(9). Aliens subject to orders of removal may only seek adjustment of status by filing a motion to reopen removal proceedings with an immigration judge, and any subsequent challenges may be brought via petition for review of the final removal order. *See id.*; *Wellington v. INS*, 108 F.3d 631, 635 (5th Cir. 1997) ("INS practice requires that aliens who have been found deportable in deportation proceedings seek adjustment of status through the mechanism of reopening their deportation proceedings." (citation omitted)).

Akinmulero is, in effect, appealing the decision to execute a removal order against him, a form of relief which we have previously held to be outside the bounds of district court jurisdiction. *Li v. Agagan*, No. 04-40705, 2006 U.S. App. LEXIS 6289, at *12-13 (5th Cir. Mar. 14, 2006) ("[B]ecause Appellant had a final order of deportation, and although Appellant characterized his claim as a request for adjustment of status, he is actually seeking review of the decision to execute a removal order against him. Hence, 8 U.S.C. § 1252(g) precludes [district court] jurisdiction."). Thus, the district court properly found it lacked subject matter jurisdiction to grant Akinmulero's requested relief.[1]

---

[1] The district court relied on 8 U.S.C. § 1252 to find it lacked subject matter jurisdiction to review USCIS's decision on Akinmulero's application for adjustment of status, citing *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). However, *Hadwani* is factually distinguishable from the instant matter in that the IJ found Hadwani to be "statutorily eligible for adjustment of status, but declined to adjust Hadwani's status as a matter of discretion." *Id.* Here, USCIS did not address the merits of Akinmulero's application because it found it lacked jurisdiction to consider it. Thus, we apply

Finally, Akinmulero challenges the merits of the district court's holding regarding his request for a writ of mandamus compelling a favorable adjudication of his I-485 application. The federal mandamus statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). To obtain this writ, Akinmulero would need to establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citation omitted).

Even construing his pleadings liberally, Akinmulero has not shown a clear right to an adjustment of his status, the first requirement for issuance of a writ of mandamus. As previously discussed, the jurisdiction-channeling provisions of the INA provide that aliens subject to removal may only seek adjustment of status by filing a motion to reopen their removal proceedings with an IJ. Subsequent challenges to the IJ's decision may be brought in the courts of appeals via a petition for review of the final removal order. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9), (g); 8 C.F.R. § 1245.2(a)(1)(i) ("In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file."); *see also Wellington*, 108 F.3d at 635.

---

the jurisdiction-channeling provisions of the INA to reach the same end result as the district court.

Thus, Akinmulero has not shown that the district court *could* grant him his requested relief, let alone that he has a right to that relief. Indeed, no alien has a "right" to be granted adjustment of status, and the ultimate decision whether to approve an application for adjustment of status is committed to the Attorney General's discretion as a matter of law. *See* 8 U.S.C. § 1255(a); *Elkins v. Moreno*, 435 U.S. 647, 667 (1978) (noting that "adjustment of status is a matter of grace, not right"). Furthermore, Akinmulero has not shown a lack of any other adequate remedy, as he is already benefitting from a stay of removal pursuant to his membership in the *Proyecto* class action suit and his pending motion to reopen with USCIS.

We thus AFFIRM the judgment of the district court. Appellant's motion for oral argument is DENIED.