FILED
United States Court of Appeals
Tenth Circuit

August 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NELSON LASH AKINMULERO,
a/k/a Olasebikan N. Akinmulero,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 10-9538
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

Since being deported in 1986, Nelson Lash Akinmulero has engaged in a

relentless, and so far successful, campaign to remain in this country. The

procedural history of his efforts is complicated and convoluted, but the law

governing this appeal is clear. Akinmulero asks this court to review the Board of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Appeal's refusal to reconsider its denial of his second motion to reopen an order of removal. His goal is to obtain various forms of relief all of which call upon us to exceed our limited jurisdiction. We therefore dismiss the petition.

Procedural Background

Akinmulero was deported in March 1986 for overstaying the time permitted by his student visa. He illegally returned to the United States three months later. In March 1998, he was placed in new removal proceedings in Utah where his request for cancellation of removal was denied because he failed to show his removal would result in exceptional and unusual hardship for his American-citizen daughter. Nevertheless he was afforded the opportunity of voluntary departure. He did not leave, but he did appeal to the Board of Immigration Appeals (BIA). It agreed with the Immigration Judge and dismissed the appeal. Admin. R. at 152. He petitioned for review by this court. Lacking jurisdiction to review the extreme-hardship determination, we dismissed his petition. *Akinmulero v. INS*, 35 F. App'x 779, 780 (10th Cir. 2002).

In June 2002, a month after this court dismissed his petition for review, Akinmulero timely filed his first motion to reopen with the BIA. He claimed 1) his daughter would soon be old enough to sponsor him for an immigrant visa and 2) he was in the process of trying to establish his membership in a class of plaintiffs challenging the administration of certain INS regulations (a successful

-2-

challenge might entitle class members to stays of deportation).  *See, e.g.,*

*Proyecto San Pablo v. INS*, No. CIV 89-456-TUC-WDB, 2001 WL 36167472, at

*1-2 (D. Ariz. Feb. 2, 2001) (hereafter "*Proyecto* class").[1]  The BIA denied the

motion to reopen because he had overstayed the grant of voluntary departure and

therefore was subject to a ten-year bar before he would be eligible for further

relief.  Admin. R. at 115.  No mention was made of Akinmulero's efforts to

establish his claimed membership in the *Proyecto* class.

Some seven years later, Akinmulero filed yet another motion to reopen.  In

it, he indicated he was still waiting for a determination regarding his membership

in the *Proyecto* class; he stated he wanted to again challenge his original "arrest,

detention and the imposed voluntary departure"; and he asked the BIA to waive

its time and number limitation on motions to reopen.[2]  *Id.* at 94.  The BIA denied

the motion to reopen concluding it was "untimely and number barred" and

Akinmulero did "not present an exceptional situation which would warrant

sua sponte reopening."  *Id.* at 83.

---

[1]     By the time Akinmulero filed his first motion to reopen, the INS had agreed
to stay his removal pending its determination of his status as an alleged member
of the *Proyecto* class.  Admin. R. at 166.

[2]     "[A] party may file only one motion to reopen deportation or exclusion
proceedings . . . and that motion must be filed no later than 90 days after the date
on which the final administrative decision was rendered in the proceeding sought
to be reopened."  8 C.F.R. § 1003.2(c)(2).

It also declined to reopen simply to permit Akinmulero additional time to establish his claimed membership in the *Proyecto* class, noting neither the BIA nor Immigration Judges have jurisdiction over legalization applications such as those at issue in *Proyecto San Pablo*. *Id.* Finally, assuming Akinmulero was eligible for adjustment of status under 8 U.S.C. § 1255(i),[3] his new found status would not save his motion because "[b]ecoming eligible for relief from removal after a final administrative order has been entered is common and does not, in itself, constitute an exceptional situation warranting our consideration of an untimely and number barred motion." *Id.* at 83-84. He did not seek judicial review.

Instead he filed a motion for reconsideration with the BIA. The BIA denied the motion, thus generating the order currently under our review. In its denial, the BIA made three points: (1) there were "no material factual or legal errors" in its earlier decision; (2) it had no jurisdiction over Akinmulero's adjustment-of-status application brought under 8 U.S.C. § 1255a, and thus there

---

[3]  Under 8 U.S.C. § 1255(i), "the Attorney General [has] discretion to adjust the status of certain aliens who are in the country illegally provided they are eligible to receive an immigrant visa and are 'admissible to the United States for permanent residence.'" *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1143 (10th Cir. 2011) (quoting 8 U.S.C. § 1255(i)(2)(A)). In his second motion to reopen, Akinmulero claimed he had become eligible to remain in the United States under this statute. Admin. R. at 95.

was no error in refusing to reopen sua sponte on that basis;[4] and (3) the fact he had been cleared to apply for adjustment of status under 8 U.S.C. § 1255(i) was not an exceptional situation warranting sua sponte reopening. *Id.* at 2.

Discussion[5]

Akinmulero's opening brief begins with a red herring - a reference to a notice from the United States Citizenship and Immigration Services (USCIS) office in Houston, in an entirely different matter, informing him "all action on your Form I-485 application is hereby administratively closed." *See* Pet'r's Opening Br., Attach. 1 at 2.[6] The notice was addressed to Akinmulero's correct

---

[4] The Immigration Reform and Control Act of 1986, codified at 8 U.S.C. § 1255a, "established a scheme under which certain aliens unlawfully present in the United States can apply to become legal residents. The scheme allows aliens to apply first for lawful temporary resident status, and then, after a one-year wait, for permanent residency. *See generally* 8 U.S.C. § 1255a. This process is known as 'legalization.'" *Proyecto San Pablo v. INS*, 189 F.3d 1130, 1134 (9th Cir. 1999). Neither the BIA nor Immigration Judges have jurisdiction over § 1255a applications. *See* 8 U.S.C. § 1255a(a) (stating "[t]he Attorney General shall adjust the status of an alien lawfully admitted for temporary residence"); *see also* 8 C.F.R. § 245a.2(e)(1) (requiring applications for adjustment under § 1255a be filed at a Service Legalization Office). The Administrative Appeals Office reviews decisions made under § 1255a. *See, e.g., Pedroza-Padilla v. Gonzales*, 486 F.3d 1362, 1363 (9th Cir. 2007).

[5] Akinmulero's desultory briefing has complicated our review. That said, we have attempted to separate the wheat from the chaff in deciding the jurisdictional issues.

[6] The notice states Akinmulero filed an Application To Register Permanent Residence or Adjust Status (form I-485 application) with the USCIS on October 3, 2005, based on an approved visa petition filed on his behalf by his citizen daughter. As the notice further explained, Akinmulero failed to depart

(continued...)

-5-

street address and zip code in Conroe, Texas, but it did not contain an apartment number. He claims not to have received the notice and to have been prejudiced thereby. We have no jurisdiction to consider this unexhausted issue. There is no indication he ever argued to the IJ or the BIA that the failure of the USCIS to properly notify him of its administrative closure of his I-485 application was a sufficient reason to reopen this case.[7] The offending notice is not contained in the administrative record and appears for the first time as an attachment to his

_____

[6](...continued)
within the time given him pursuant to the grant of voluntary departure, rendering the USCIS without jurisdiction to consider his application.

Akinmulero eventually filed a complaint in the United States District Court for the Southern District of Texas alleging that USCIS had failed to properly adjudicate his I-485 application and seeking a writ of mandamus to compel the agency to adjust his status. The Fifth Circuit affirmed the district court's denial of relief. *Akinmulero v. Holder*, 347 F. App'x 58, 62 (5th Cir. 2009), *cert. denied* 130 S. Ct. 2112 (2010).

[7]     Akinmulero implies that the administrative closing of his I-485 application was the basis for his second motion to reopen and the subsequent motion to reconsider. This is misleading. His second motion to reopen makes no mention of the administrative closure, *see* Admin. R. at 94-95, even though he knew by the time he filed the motion in August 2009 the USCIS had closed his case, inaccurate address notwithstanding. *See Akinmulero v. Holder*, No. H-08-2553, 2009 WL 500577, at *4-5 (S.D. Tex. Feb. 27, 2009) (holding complaint moot based on fact USCIS had administratively closed Akinmulero's file in 2007), *aff'd* 347 F. App'x 58 (5th Cir. 2009).

Akinmulero's implication that he missed an appointment with the agency because of the faulty notice is similarly unwarranted. The notice of the administrative closure contained no information about his required attendance at an appointment.

opening brief in this court. He has thus failed to exhaust his administrative remedies under the rule of *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991), thereby foreclosing the notice issue and depriving this court of jurisdiction to consider it. *See id.* ("The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter.")

Akinmulero next argues his second motion to reopen was not number barred. With an exception inapplicable here, an alien is allowed to file only one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Thus, an alien seeking to file a second motion to reopen must rely on the BIA's authority to "reconsider *on its own motion* any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a) (emphasis added). Akinmulero's argument is, in essence, an effort to secure reversal of the BIA's decision declining to reopen his case sua sponte. Because the decision to reopen sua sponte is committed to the sole discretion of the BIA, we have no jurisdiction to review it. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Belay-Gebru v. INS*, 327 F.3d 998, 1000-01 (10th Cir. 2003).

Akinmulero's brief is hopelessly muddled on the next point, but, as we understand it, he seems to think this court should somehow require his status in the *Proyecto* class be determined at the earliest opportunity by the proper authority. He is in the wrong court, in the wrong circuit, at the wrong time with

this argument. The jurisdictional problem seems self evident. Indeed, he identifies no basis upon which we could issue such an order, and we discern none.[8]

Finally, Akinmulero requests this court to order the USCIS "to promptly adjudicate his case under [the Administrative Procedures Act]." Opening Br. at 20 (typeface altered). But again he points to nothing permitting such an order from this court in the first instance.[9]

The petition for review is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[8] Akinmulero seems to expect this court or the agency to consolidate all of his disparate filings and cases. He is in for a big disappointment. He has filed applications for different types of relief, in different offices or courts, relying on different bases for eligibility. Even if such consolidation were feasible, which it arguably is not, Akinmulero is responsible for independently and diligently pursuing each of his separately filed applications and petitions.

[9] To the extent he is asking for relief akin to a writ of mandamus, the Fifth Circuit has already foreclosed his eligibility for such relief. *See Akinmulero,* 347 F. App'x at 61-62 (there is no "clear right to an adjustment of his status" because "no alien has a 'right' to be granted adjustment of status," a matter committed to the discretion of the Attorney General under 8 U.S.C. § 1255(i)).