# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60126

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2016

Lyle W. Cayce
Clerk

MONICA ROCIO RAMOS LARA,

> Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

In January 2010, Monica Rocio Ramos Lara, a native and citizen of Bolivia, entered the United States from Mexico seeking asylum. The Immigration Judge denied her asylum application after holding she was ineligible under the firm-resettlement bar. The Board of Immigration Appeals dismissed Ramos Lara's appeal because she failed to establish the applicability of an exception to that bar. We agree and DENY the petition for review.

No. 15-60126

## FACTUAL AND PROCEDURAL BACKGROUND

Monica Rocio Ramos Lara is a native and citizen of Bolivia. In 2005, Ramos Lara moved to Mexico from Bolivia. She claims the Bolivian military threatened her and her husband because she was not an indigenous native and her husband was a white male from the United States. She legally resided and worked in Mexico for the next five years as a substitute English teacher. She obtained a work visa from the Mexican government, which she last renewed in 2009. Her husband traveled back and forth between the United States, where he was employed, and Mexico, where Ramos Lara lived with their two children. Her husband is a citizen of the United States. The only evidence of his right to reside in Mexico is his wife's cryptic statement that "just recently [Mexican authorities] sent the residency to my husband." While living in Mexico, Ramos Lara made two trips from Mexico to Bolivia and the United States. She was permitted freely to return to Mexico after each trip outside the country. She had yet to apply for permanent residency, but she asserted that she was eligible and believed Mexico would have granted her residency.

A few years after her move to Mexico, Ramos Lara claims a man named Jesse Ramirez approached her husband and asked him to smuggle drugs into the United States. He refused. According to Ramos Lara, Ramirez vaguely threatened that something bad was going to happen due to her husband's refusal. Shortly afterwards, her husband was detained at the border and arrested after agents found marijuana in his car. Ramos Lara is unclear as to what happened with her husband's criminal case following his arrest. She claims after her husband's arrest, however, Ramirez called and approached her numerous times.

Ramos Lara then attempted to enter the United States in January 2009. When she was detained, she claimed she was a United States citizen. After not being able to produce any documentation, she admitted she was not

actually a citizen. She stated she was afraid of returning to Bolivia but not to Mexico, where she had lived legally for the previous three years. She claims she made this statement because she and her husband decided not to tell anyone about Ramirez, fearing it would create more problems for them. She was deported back to Mexico.

Ramos Lara then moved with her children on three separate occasions to avoid Ramirez, but he eventually found them and her car disappeared the next day. She claims that she reported her car stolen but did not make any progress with Mexican officials.

After that incident, Ramos Lara attempted once again to enter the United States in January 2010. In February 2010, she was served with a Notice to Appear charging her as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). She conceded removability and filed an application for asylum. After a hearing, the Immigration Judge ("IJ") denied Ramos Lara's application and ordered her removed to Mexico or Bolivia. The IJ found Ramos Lara ineligible for asylum under the firm-resettlement bar because she had lived in Mexico since 2005, was permitted to work there, and was planning on obtaining permanent residency before she left Mexico in 2010.

Ramos Lara timely appealed to the Board of Immigration Appeals ("BIA"), arguing her residency in Mexico was a necessary consequence of her flight from Bolivia. If so, she may be eligible for an exception to the firm-resettlement bar. The BIA concluded her argument was belied by the facts that she lived with her children in Mexico and worked there for five years, never expressed a fear of returning to Mexico after travelling in and out of the country numerous times, and renewed her work visa in Mexico at least once. The BIA dismissed Ramos Lara's appeal. She petitions this court for review.

No. 15-60126

DISCUSSION

The Attorney General has discretion to grant asylum to refugees. *See* 8 U.S.C. § 1158(b)(1)(A). An alien is statutorily barred from asylum if she was "firmly resettled in another country prior to arriving in the United States." *See id.* § 1158(b)(2)(A)(vi). An alien is firmly resettled if prior to arriving in this country, she "entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement," unless the alien establishes that an exception applies. 8 C.F.R. § 1208.15. The necessary-consequence exception, relevant to this petition for review, provides that firm resettlement has not occurred if "entry into that country was a necessary consequence of [the alien's] flight from persecution, that [the alien] remained in that country only as long as was necessary to arrange onward travel, and that [the alien] did not establish significant ties in that country . . . ." *Id.* § 1208.15(a). The BIA decided Ramos Lara did not establish that this exception applied.

We review a final decision of the BIA and not that of the IJ unless the latter "affects the BIA's decision" on appeal. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Here, the BIA stated its own reasoning in determining that the IJ's ruling was correct; consequently, we confine our review to the BIA's decision. *Id.* at 593–94.

As usual, we must identify and apply our standard of review. We review questions of law *de novo*, giving "considerable deference" to the BIA's interpretation of the statutes it administers. *Id.* at 594. We have not previously decided in a published opinion the standard of review applicable to the key factual determination in this case, namely, the BIA's finding about firm resettlement or its exceptions. *See Shariatzadeh v. Ashcroft*, 66 F. App'x 523 (5th Cir. 2003). Neither party argues, though, that we should apply a different standard of review than we typically do when reviewing the BIA's

4

factual determinations. We review most BIA factual findings for substantial evidence, which translates into upholding factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We have applied that standard to the BIA's factual determination that an alien is not eligible for asylum. *Id.* As to the BIA's factual determinations about firm resettlement and the necessary-consequence exception, other circuits review for substantial evidence. *See, e.g., Hanna v. Holder*, 740 F.3d 379, 394–98 (6th Cir. 2014); *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006); *Rife v. Ashcroft*, 374 F.3d 606, 610–12 (8th Cir. 2004).

We hold that we must review the BIA's factual determinations about firm resettlement and its exceptions for substantial evidence.

We next respond to a joint invitation issued to us by the parties at oral argument. We were encouraged to decide the validity of the BIA's burden-shifting framework for determining whether firm resettlement has occurred. *See A-G-G-*, 25 I. & N. Dec. 486 (B.I.A. 2011). We respectfully decline. Ramos Lara did not challenge this framework in her petition. The only issue before us is whether the BIA erred in its determination that the necessary-consequence exception did not apply. We need not examine the framework to make that determination. Our court reviews "only those issues presented to us . . . and [does] not craft new issues or otherwise search for them in the record." *United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998).

The reason the framework is irrelevant is that on Ramos Lara's appeal, the BIA concluded that she did "not meaningfully challenge the Immigration Judge's finding that she did firmly resettle in Mexico," a conclusion not disputed here. Therefore, Ramos Lara firmly resettled in Mexico, meaning she had received an "offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 1208.15. The only determination we can review concerns an exception to firm resettlement, which is whether

her living in Mexico was a necessary consequence of her flight from Bolivia. *Id.* § 1208.15(a). The BIA found against her.

Ramos Lara first argues that the BIA erred because she did not have any permit to live or work in Mexico indefinitely. She claims Mexico never made her an offer of permanent residency. These arguments are relevant only to firm resettlement, which is not before us because she did not contest that issue with the BIA. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

As to the issue of necessary consequence, we find substantial evidence of all of the following. Ramos Lara attempted to enter the United States in 2009, but she did not seek asylum then or at other opportunities prior to her claim now. After being removed to Mexico, she renewed her work visa, lived and worked there for five years as a substitute English teacher, and thereby established "significant ties" to Mexico. She had also previously entered the United States in 2007 for the birth of one of her children; afterwards, she returned to Mexico. Although her children did not go to school in Mexico, they lived with her there. Her husband often commuted between the United States and Mexico in order to live with Ramos Lara and their children.

Such evidence is substantial and supports the BIA's finding that Ramos Lara was not in Mexico only "as long as was necessary to arrange onward travel." 8 C.F.R. § 1208.15(a).

The petition for review is DENIED.