# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2021

Lyle W. Cayce
Clerk

No. 19-60320
Summary Calendar

Sᴏʀᴇᴠ Sᴏʀᴇᴠ, *also known as* Aᴍʀᴇᴇᴋ Sɪɴɢʜ Gᴏʀᴇᴠ,

*Petitioner*,

*versus*

Jᴇꜰꜰʀᴇʏ A. Rᴏꜱᴇɴ, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 813 986

Before Wɪᴇɴᴇʀ, Sᴏᴜᴛʜᴡɪᴄᴋ, and Dᴜɴᴄᴀɴ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Sorev Sorev, a native and citizen of India, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He challenges the BIA's

---

[*] Pursuant to 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5.4.

decision to uphold the immigration judge's determination that he lacked credibility and argues that the BIA erred in rejecting his claim that the immigration judge violated his due process rights.

Because the BIA engaged in its own analysis and provided its own reasoning in upholding the immigration judge's decision, we review only the decision of the BIA and not that of the immigration judge. *See Ramos Lara v. Lynch*, 833 F.3d 556, 559 (5th Cir. 2016). Factual findings, including adverse credibility determinations, are reviewed for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018).

Although Sorev asserts that the immigration judge improperly relied on inter-proceeding similarities in determining that he lacked credibility, the BIA did not rely on that basis in reaching that conclusion. Instead, the BIA determined that Sorev lacked credibility based on the implausible nature of some of his statements and inconsistencies between his testimony, statements to immigration officials, credible fear interview, and affidavits. Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Sorev was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, the lack of credible evidence precludes Sorev from meeting his burden of proof for asylum, withholding of removal, or protection under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

Sorev also argues that his due process rights were violated when the immigration judge prevented him from presenting testimony from his cousin and an expert regarding dangerous conditions in India and the persecution that Sikhs suffer. To prevail on a due process claim, "an alien must make an initial showing of substantial prejudice by making 'a prima facie showing that the alleged violation affected the outcome of the proceeding.'" *Arteaga-*

No. 19-60320

*Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)).  Sorev is unable to demonstrate that the outcome of the proceedings would have been different if his witnesses were allowed to testify because their proposed testimony concerned country conditions in India and did not address the inconsistencies and implausible nature of his testimony that resulted in the finding that he lacked credibility.

For the foregoing reasons, the petition for review is DENIED.