# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 21-60157

ALLAN GATONYE MACHARIA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A203 049 750

Before KING, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Allan Gatonye Macharia petitions for review from a decision of the Board of Immigration Appeals dismissing his appeal and upholding the denial of his application for a waiver of inadmissibility under § 212(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(i). For the following reasons, we DENY the petition for review.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60157

Allan Gatonye Macharia is a native and citizen of Kenya. He was admitted to the United States on January 4, 2000, on a F-1 student visa to attend college in Oklahoma. He testified that he stopped attending university after approximately three semesters. In 2011, Macharia was issued a Notice to Appear at removal proceedings for failure to comply with the conditions of his admission. In response, he applied for asylum and other forms of relief and was denied and ordered removed. Additionally, in 2011, Macharia's first wife filed a Form I-130 application to classify Macharia as her spouse for immigration purposes, which corresponded with Macharia's application for permanent resident status. That application was denied over concerns about the *bona fides* of the marriage.

Macharia's current petition for review relates to an application for permanent resident status based on his second marriage to Jean Pauline Njeri Njeru. Based on this application, which was ultimately approved, the Board of Immigration Appeals ("BIA") approved his motion to reopen.

However, Macharia still faced a problem. At a hearing, Macharia testified that he had misrepresented that he was authorized to work in the United States. Therefore, before his application could be considered, he needed to be granted a waiver under § 212(i) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(i). That provision allows the Attorney General, in his discretion, to grant a waiver if "refusal of admission . . . would result in extreme hardship to the citizen or lawful resident spouse." 8 U.S.C. § 1182(i) (pertaining to admission of an immigrant otherwise inadmissible for fraud or willful misrepresentation of material fact). The Immigration Judge ("IJ") considered his application, his supporting evidence, and the testimony of both Macharia and his wife. Macharia argued that his wife would suffer extreme hardship due to, among other factors, the family's finances, the fact that medical conditions of both her (uterine fibroids) and the couple's son (asthma) could not be adequately treated in Kenya, and the lack

No. 21-60157

of vocational opportunities in Kenya for either Macharia (who works in information technology) or Njeru (who is a nurse).

On September 14, 2018, the IJ issued a written decision denying Macharia's waiver application. After "consider[ing] all the evidence in the record," the IJ found that Macharia "does not meet the hardship requirement for purposes of 212(i)." The BIA dismissed Macharia's appeal, "adopt[ed] and affirm[ed] the [IJ's] decision," and found that the IJ "appropriately evaluated the evidence of hardship and determined that [Macharia] ha[d] not established extreme hardship to his spouse." Macharia timely filed the instant petition for review.

In general, in cases such as this, "[w]e review a final decision of the BIA and not that of the IJ unless the latter 'affects the BIA's decision' on appeal." *Ramos Lara v. Lynch*, 833 F.3d 556, 559 (5th Cir. 2016) (quoting *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007)). Here, the BIA adopted and affirmed the IJ's opinion, so we consider that opinion to the extent that it affected the BIA's decision.

We must first determine whether we have jurisdiction to consider Macharia's arguments. "[W]e review de novo questions relating to our jurisdiction to consider challenges to a final order of the BIA." *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2021). In cases involving discretionary decisions entrusted to the executive branch, "Congress has sharply circumscribed judicial review." *Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022). By statute, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 212(i)," the statute which provides the waiver Macharia seeks. 8 U.S.C. § 1252(a)(2)(B)(i). The only exception can be found in 8 U.S.C. § 1252(a)(2)(D), which allows for "review of constitutional claims or questions of law."

3

Macharia asserts that such a question of law exists and that legal error occurred because the IJ's factual determinations regarding the existence of extreme hardship were based on personal opinion or conjecture. However, that challenge is ultimately a challenge to the IJ's factual findings that undergirded his decision that extreme hardship was not present. The Supreme Court has recently made clear that we do not have jurisdiction to review such factual findings. In *Patel v. Garland*, the Supreme Court held that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings." 142 S. Ct. at 1627. That is precisely what Macharia asks that we do. Macharia challenges the facts found by the district court, specifically regarding the significance of the medical conditions afflicting his wife and child and the ability for those conditions to be adequately treated in Kenya. Under *Patel*, those factual findings are clearly beyond our jurisdiction to review.

Nor can Macharia evade that conclusion by casting his challenge in the form of a legal argument regarding the purported improper use of opinion or conjecture. That framing is an attempt to present "'an abuse of discretion argument [cloaked] in [legal] garb,' and as such, it must be rejected." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (first alteration in original) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). At bottom, Macharia challenges the fact finding itself, and contests the facts that the IJ (and, by extension, the BIA) found. We are without jurisdiction to review those factual findings and so are without jurisdiction to consider Macharia's petition.

For the foregoing reasons, the petition for review is DENIED.